Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIA

| | | |
|---|---|---|
| PATILLAS PARADISO, LLC<br><br>Demandante-Peticionario<br><br>v.<br><br>JOSÉ A. LÓPEZ CARTAGENA Y OTROS<br><br>Demandados-Recurridos<br><br>ÁNGEL LUIS GONZÁLEZ ESPERÓN Y OTROS<br><br>Terceros Demandados-Recurrido | TA2025CE00710 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.:<br>G PE2014-0092<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm

**Brignoni Mártir, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 18 de noviembre de 2025

Comparece ante nos, Patillas Paradiso, LLC (en adelante, "la parte peticionaria"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Resolución"* emitida el 8 de septiembre de 2025 y notificada el 9 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Guayama. Todo, sobre un pleito civil incoado en contra de José A. López Cartagena ("señor López Cartagena"); su esposa, Marta Luisa Ortiz Flores ("señora Ortiz Flores"); y la Sociedad Legal de Bienes Gananciales compuesta por ambos, a su vez en contra de Ángel Luis González Esperón ("señor Gonzáles Esperón"); su esposa Fulana de Tal; y la Sociedad Legal de Bienes Gananciales compuesta por ambos, (en lo sucesivo, en conjunto, "la parte recurrida").

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* presentado, y con ello *revocamos* la *"Resolución"* recurrida. En consecuencia, devolvemos el presente caso al foro primario

para que emita una nueva resolución en la que exponga determinaciones de hechos esenciales controvertidos y no controvertidos de conformidad a las disposiciones de la Regla 36.4 de Procedimiento Civil 32 LPRA Ap. V, R. 36.4. Nos explicamos.

**I.**

El caso ante nuestra consideración tiene varias incidencias procesales y controversias, por lo cual a continuación nos limitaremos a reseñar el tracto procesal atinente al recurso presentado.

El 19 de septiembre de 2023, la parte peticionaria presentó *"Segunda Demanda Enmendada en Cumplimiento de Orden."* Mediante está, instó una acción de interdicto preliminar y permanente. Alegó, en síntesis, que el señor López Cartagena y la señora Ortiz Flores, presentaron en el caso GJV2004-0312 una solicitud de expediente de dominio dirigida a justificar la titularidad de una finca sita en el Municipio de Patillas. Según aseveró, dicha solicitud fue concedida a través de la *"Resolución"* del 6 de junio de 2006. No obstante, sostuvo, que dicha concesión carece de efecto jurídico, puesto que son de su propiedad los quinientos metros cuadrados (500 m.c) que delimitan la finca en cuestión. Además, aseveró que la petición de expediente de dominio incumple con los requisitos necesarios del Artículo 237 de la derogada Ley Hipotecaria y del Registro de la Propiedad, Ley Núm. 198 de 8 de agosto de 1979, 30 LPRA sec. 2761.

De otra parte, esgrimió que la referida finca fue vendida al señor González Esperón y su esposa, quienes alegadamente son adquirentes de mala fe. Ante tales hechos, peticionó que se declare nula la justificación de dominio concedida y la inscripción registral que a esos efectos se haya realizado. Asimismo, solicitó que se decretara que el señor González Esperón y su esposa no son terceros civiles.

Posteriormente, el 4 de diciembre de 2023, la parte peticionaria presentó una *"Solicitud de Sentencia Sumaria Parcial sobre Nulidad de Expediente de Dominio."* En esencia, solicitó que se deje sin efecto la

*"Resolución"* del 6 de junio de 2006 y en consecuencia se resuelva sumariamente que el dominio inscrito es nulo. Fundamentó lo solicitado bajo el argumento de que el señor López Cartagena y la señora Ortiz Flores incumplieron con varias disposiciones de la derogada Ley Núm. 198 de 8 de agosto de 1979, 30 LPRA sec. 2001 et. seq., las cuales impedían que la justificación de dominio fuera concedida. Detalló como alegados incumplimientos: a) que el señor López Cartagena cometió perjurio al indicar en la solicitud de dominio que era soltero y al aseverar que adquirió la finca en litigio mediante compraventa; b) que la aludida parte no incluyó junto a la solicitud algún plano del que se desprenda que se cumplieron las disposiciones aplicables administradas por el Departamento de Recursos Naturales y Ambientales ("DRNA"); c) que los aludidos señores eran dueños de la estructura enclavada al terreno, pero no del terreno; y d) que en realidad se les concedió a éstos una justificación de dominio que afecta la zona marítimo terrestre.

En reacción, el 10 de febrero de 2025, el señor López Cartagena y la señora Ortiz Flores, presentaron "*Contestación a Solicitud de Sentencia Sumaria Parcial."* Arguyeron, que no procede la disposición sumaria del caso, puesto que existen hechos materiales en controversia que lo impiden determinar la procedencia de dejar sin efecto o no la resolución que declara *Ha Lugar* la solicitud de expediente de dominio. Además, alegaron a su favor que cumplieron con los requisitos necesarios de la Ley Núm. 198 de 8 de agosto de 1979, *supra.* Asimismo, aseveraron que la petición de sentencia sumaria parcial deja de exponer razones suficientes para su concesión. Ante ello, solicitaron que se declarara *No Ha Lugar* la *"Solicitud de Sentencia Sumaria Parcial sobre Nulidad de Expediente de Dominio."*

Por su parte, el 14 de febrero de 2025, el señor González Esperón presentó *"Contestació[n] a Solicitud de Sentencia Sumaria."* En síntesis, esgrimió que existen hechos materiales en controversia que impiden la disposición sumaria del caso, particularmente los relacionados al cumplimiento de los requisitos atinentes a la tercería registral. En la

alternativa, solicitó que se resolviera sumariamente que él es un tercero registral y que la finca objeto de litigio le pertenece en pleno dominio.

Tras evaluar los escritos presentados, el 9 de septiembre de 2025, el foro recurrido notificó la *"Resolución"* que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* la *"Solicitud de Sentencia Sumaria Parcial sobre Nulidad de Expediente de Dominio,"* presentada por la parte peticionaria.

En desacuerdo, el 24 de septiembre de 2025, la parte peticionaria presentó *"Solicitud de Reconsideración,"* la cual fue declarada *Sin Lugar*, según se desprende de la notificación del 2 de octubre de 2025.

Aun en desacuerdo, el 2 de noviembre de 2025, la parte peticionaria presentó ante nuestra consideración un recurso de *certiorari*. Mediante este, esbozó los siguientes señalamientos de error:

Erró el Tribunal de Primera Instancia al denegar la Solicitud de Sentencia Sumaria Parcial presentada por la parte demandante-recurrente, al ejercer de manera errónea y en exceso de su discreción judicial la facultad que le reconoce la Regla 36 de Procedimiento Civil, al, bajo el pretexto de ejercer dicha discreción, no acoger el reclamo sumario presentado y, de facto, entenderlo como no presentado, alegando la existencia de supuestas "controversias de títulos", asunto ajeno a la controversia trabada mediante la Solicitud de Sentencia Sumaria, sin evaluar ni resolver los incumplimientos de estricto cumplimiento con la Ley Hipotecaria claramente evidenciados en el expediente judicial.

Erró el Tribunal de Primera Instancia al no declarar la nulidad del expediente de dominio G JV2004-0312, concedido de forma ex parte, pese a los múltiples vicios sustantivos y violaciones a los requisitos esenciales de la Ley Hipotecaria y su reglamento, así como la oposición formulada por el Departamento de Recursos Naturales y Ambientales, todos claramente evidenciados en el récord, cada uno de los cuales, por sí solo, bastaba para decretar la nulidad del expediente.

Erró el Tribunal de Primera Instancia al no declarar la nulidad del expediente de dominio G JV2004-0312 en la medida en que el mismo adjudicó dominio sobre la zona marítimo-terrestre, la cual constituye un bien de dominio público imprescriptible e inalienable, en violación a la Ley Hipotecaria, al Reglamento 4860 del DRNA y a la doctrina reiterada del Tribunal Supremo de Puerto Rico.

En la alternativa, erró el Tribunal de Primera Instancia al denegar la Solicitud de Sentencia Sumaria Parcial sin cumplir con el mandato procesal de determinar los hechos esenciales controvertidos y no controvertidos, conforme exige la Regla 36.4 de Procedimiento Civil, pese a que los demandados y el tercero demandado no cumplieron con las exigencias de la Regla 36.3 al oponerse a los hechos propuestos. Las oposiciones presentadas consistieron en argumentos generales y conclusivos, carentes de apoyo en prueba admisible, por lo que no surgió controversia real alguna que impidiera la adjudicación sumaria del reclamo de nulidad.

**II.**

**A.    Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v.*

*Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación

resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.    La Sentencia Sumaria y la Regla 36.4 de Procedimiento Civil:**

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles en aquellas situaciones en las que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico*, Inc., 2025 TSPR 1; *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023); *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769, 784 (2016).

Así pues, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay u otra evidencia que obre en el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e); *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp.,* 2025 TSPR 6; *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601, 611-612 (2023). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Rodríguez García v. UCA,* 200 DPR 929, 941 (2018). Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la privación del derecho de todo litigante a su día en corte. *Ramos Pérez v. Univisión*, 178 DPR 200, 216-217 (2010).

Al examinar la procedencia de una solicitud de sentencia sumaria, los tribunales deben guiarse por las disposiciones de la Regla 36 de

Procedimiento Civil, 32 LPRA Ap. V, R. 36.1-36.7. En lo aquí concerniente, la Regla 36.4 de Procedimiento Civil, *supra* lee como sigue:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno.

Así pues, según surge del precitado texto, en los casos en que el tribunal decida no dictar sentencia sumaria sobre la totalidad del pleito, ni conceda todo el remedio solicitado o deniegue la solicitud de sentencia sumaria, y sea necesario celebrar juicio, el referido tribunal tendrá la obligación de exponer las determinaciones de hechos esenciales controvertidos y no controvertidos. Regla 36.4, *supra*. Véase, además, *Negrón Castro y otros v. Soler Bernardini y otros*, 2025 TSPR 96. La exposición de determinaciones de hechos tiene la función de no relitigar los hechos que no están en controversia al momento de celebrarse la vista en su fondo. *Pérez Vargas v. Office Depot*, 203 DPR 687, 697 (2019), citando a Secretariado de la Conferencia Judicial y Notarial, *Informe de Reglas de Procedimiento Civil*, Tribunal Supremo de Puerto Rico, marzo de 2008, pág. 406.

**III.**

La parte peticionaria recurre de una resolución interlocutoria, por medio de la cual, el foro primario declaró *No Ha Lugar* el escrito de dicha parte sobre *"Solicitud de Sentencia Sumaria Parcial sobre Nulidad de Expediente de Dominio."* De entrada, nótese, que mediante la referida *"Resolución"* no se dispuso de la totalidad del pleito, puesto que la petición de sentencia sumaria es de naturaleza parcial. Al mismo tiempo a través de esta *"Resolución"* se denegó el remedio peticionado. De manera que, el foro primario debía cumplir con el deber no discrecional de exponer

determinaciones de hechos materiales controvertidos y no controvertidos de conformidad a la Regla 36. 4, *supra.* Al revisar la *"Resolución"* recurrida se desprende que el foro primario incumplió con las disposiciones compulsorias de la precitada regla.

Es meritorio destacar, que las exigencias de las Regla 36. 4, supra son acordes al principio rector de la Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R.1. Entiéndase por ello, que los casos deben ser resueltos de manera justa, rápida y económica. Cuando se deniega una solicitud de sentencia sumaria el caso continúa su trámite ordinario hacia la celebración de una vista en su fondo. Así pues, mediante el uso de la regla 36.4, *supra* se releva a las partes de pasar prueba durante el juicio de los hechos incontrovertidos. Véase, *Pérez Vargas v. Office Depot*, supra, pág. 697. En consecuencia, se promueve la resolución expedita del caso. Si el foro primario estimaba que no procede la solicitud de sentencia sumaria parcial por la existencia de hechos esenciales en controversia, su deber era incluir una relación de los hechos materiales controvertidos y no controvertidos. Máxime cuando la solicitud de sentencia sumaria solo se limita a la petición de un remedio de naturaleza parcial que no involucra la disposición completa del litigio. Por lo tanto, el cuarto señalamiento de error fue cometido únicamente en lo que respecta a las disposiciones de la Regla 36. 4, *supra*.

Cabe señalar, que la presente *"Sentencia"* se limita a revocar el dictamen recurrido por la única razón de que no se cumplieron los preceptos de la Regla 36.4, *supra*. Por consiguiente, en este momento no estamos examinando la procedencia o no del resto de los señalamientos de error.

**IV.**

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* presentado, y con ello *revocamos* la *"Resolución"* recurrida. En consecuencia, devolvemos el presente caso al foro primario para que emita una nueva resolución en la que exponga determinaciones

de hechos esenciales controvertidos y no controvertidos de conformidad a las disposiciones de la Regla 36.4 de Procedimiento Civil 32 LPRA Ap. V, R. 36.4.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones